IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CHEREE NEWSON-PACE, on behalf
of herself and those similarly situated,**

    **Plaintiff,**

v.                                                                                            CASE NO.:

**GALT GROUP, INC., a Florida
Corporation, and ANDRE
CADOGAN, Individually,**

    **Defendants.**                                    /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHEREE NEWSON-PACE, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendants, GALT GROUP, INC., a Florida Corporation, and ANDRE CADOGAN, Individually, and states:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, lost wages due to retaliation, compensatory damages, liquidated damages, attorneys' fees and costs, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

2. Plaintiff worked for Defendants from November 2022 to March 2023.

3. Plaintiff worked for Defendants as an hourly paid worker during this time,

helping provide disaster relief type duties after the Hurricanes which came through Florida last year.

4. Plaintiff was at all times paid by the hour by Defendants.

5. At all times material to this cause of action, Defendant, GALT GROUP, INC., was an enterprise subject to the FLSA.

6. At all times material to this cause of action, Plaintiff was misclassified as an independent contractor, is truly an employee under the FLSA, and is a non-exempt employee entitled to overtime wages for all overtime hours worked.

7. Defendant, GALT GROUP, INC., is a Florida Corporation that operates and conducts business from its principal place of business in West Palm Beach, Florida and is therefore within the jurisdiction of this Court.

8. Defendant, GALT GROUP, INC., operates as a professional services and management consultancy business providing disaster relief efforts among other work. *See* www.galtgroup.net.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, lost wages, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs. This collective action is intended to include any and all hourly-paid "independent contractor" workers who worked for Defendants within the last three years of the filing of this lawsuit and worked on similar disaster relief campaigns.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

11. During Plaintiff's employment with Defendant, GALT GROUP, INC.,

earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment, Defendant, GALT GROUP, INC., employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to vehicles, telephones, office equipment and supplies, and other items which had travelled in interstate commerce.

13. Therefore, at all material times relevant to this action, Defendant, GALT GROUP, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. At all times relevant to this action, ANDRE CADOGAN, is an individual resident of the State of Georgia, who owns and operates GALT GROUP, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of GALT GROUP, INC. By virtue of having regularly exercised that authority on behalf of GALT GROUP, INC., ANDRE CADOGAN is/was an employer as defined by 29 U.S.C. § 201, *et seq*.

15. At all times relevant to this action, ANDRE CADOGAN would travel to Florida to run his business and supervise his workers, and also supervised his workers remotely from Georgia.

## FLSA VIOLATIONS

16. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and the other workers who "contracted" with Defendants as "independent contractors" (hereinafter the "class") and by failing to pay overtime

compensation to Plaintiff and the class.

17. To service their clients and earn income, Defendants purportedly "contract" with individuals to provide disaster relief services following the Hurricanes which hit Florida last calendar year.

18. Part of this work involves inspecting and testing/measuring mobile home lots and communities.

19. Each member of the putative class was designated an "independent contractor" by Defendants.

20. However, the economic reality is that Plaintiff and the class are/were economically dependent upon Defendants.

21. Defendants both controlled Plaintiff and the class's job duties and pay.

22. Defendants instructed Plaintiff and the class which customers of theirs to service.

23. Defendants instructed Plaintiff and the class to follow the directions assigned by Defendants' customers for their job duties.

24. Plaintiff and the class receive emails with assignments from Defendants' customer.

25. Plaintiff and the class are required to do a certain amount of work per day as controlled by Defendants' customers.

26. Defendants dictated what they would pay Plaintiff and the class for their hours worked.

27. Plaintiff and the class members could not leave their job duties and

responsibilities without the express permission of Defendants or Defendants' client.

28. Defendants required Plaintiff and the class to log their hours and report the hours to Defendants at the end of each workday.

29. Defendants maintained exclusive control over the compensation received by Plaintiff and the class.

30. Defendants' customers issued iPads to Plaintiff and the class to perform their work.

31. However, Defendants did not pay Plaintiff or the class any additional overtime premium for overtime hours worked.

32. Plaintiff and the class routinely worked overtime hours and were only paid their regular hourly pay ("straight time") by Defendants.

33. Plaintiff and the class had no meaningful opportunity to choose the customers or jobs they were assigned, or to bid or negotiate for certain jobs.

34. Plaintiff and the class could not reject servicing certain customers from Defendants.

35. Defendants employs other employees whose primary job duties are to perform marketing or advertising on behalf of Defendants and to acquire business for Defendants.

36. The disaster relief job duties performed by Plaintiff and the class did not require advanced training or a special skill like a license or certain degree.

37. Plaintiff and the class's work for Defendants is full-time, and not temporary, part-time work.

38. Plaintiff and the class were an integral part of Defendants' business because without these workers, Defendants' customers would not be served, and Defendants would not generate income off Plaintiff and the class providing these services.

39. Defendants does not get paid by its customers unless Plaintiff and the class complete their jobs and perform the work assigned.

40. Defendants bill its clients for the hours worked by Plaintiff and the other class members and get paid based on the hours worked by Plaintiff and those class members.

41. As such, Plaintiff and the class were truly the employees of Defendants under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

42. Upon information and belief, the records, to the extent any exist and are accurate, concerning the hours worked and amounts paid to Plaintiff and the class are in the possession and custody of Defendants.

43. On March 16, 2023, Plaintiff's Counsel sent Defendants a demand letter complaining of violations of the FLSA via e-mail.

44. That same day, Defendants responded to the letter to Plaintiff's Counsel, claiming Plaintiff was an independent contractor.

45. Defendant, ANDRE CADOGAN, also then began emailing, texting and calling Plaintiff directly, even though he was aware she was represented by Counsel, demanding Plaintiff drop her claims.

46. Still that same day, Defendant, ANDREW CADOGAN, gave Plaintiff until March 20, 2023, to respond to his improper demands for her to drop her claim.

47. Plaintiff's Counsel responded the next day, on March 17, 2023, to Mr. Cadogan, explaining the FLSA violations with more detail and informing Mr. Cadogan that his request was retaliation under the FLSA.

48. Defendant, ANDRE CADOGAN, never responded to Plaintiff's Counsel's March 17, 2023, e-mail.

49. On March 21, 2023, the morning following Defendants' self-imposed March 20th deadline, Defendants emailed Plaintiff directly stating her services are being terminated effective March 25, 2023.

50. Defendants' termination of Plaintiff was clear retaliation in response to Plaintiff's complaints about violations of the FLSA.

51. Defendants' violations of the FLSA was willful and not in good faith.

52. Plaintiff has suffered damages as a result of Defendants' violations of the FLSA.

53. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

54. All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

55. Paragraphs one (1) through fifty-four (54) above are fully re-alleged and incorporated herein.

56. Plaintiff and the class are/were entitled to be paid time and one-half their

regular rate of pay for each hour worked in excess of forty (40) per work week.

57. During their employment with Defendants, Plaintiff and the class were not paid complete overtime compensation for overtime hours worked in violation of the FLSA.

58. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class complete overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the class have suffered damages plus incurring reasonable attorneys' fees and costs.

59. Defendants did not have a good faith basis for its failure to pay Plaintiff and the class complete overtime compensation for each hour worked in excess of forty (40) per work week.

60. As a result of Defendants' willful violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

61. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHEREE NEWSON-PACE, on behalf of herself and others similarly situated, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RETALIATION IN VIOLATION OF §215(a)(3) OF THE FLSA

62. Paragraphs one (1) through fifty-four (54) above are fully re-alleged and incorporated herein.

63. Plaintiff complained regarding her unpaid overtime wages and Defendants' classification that violated the FLSA.

64. Defendants received Plaintiff's Counsel's letter describing such FLSA issues on March 16, 2023.

65. Five days after receiving this complaint, Defendants terminated Plaintiff.

66. Defendants' termination of Plaintiff was in retaliation for complaining about violations of the FLSA.

67. Defendants' retaliatory conduct towards Plaintiff was willful as Defendants knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

68. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff, CHEREE NEWSON-PACE, demands judgment against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, front pay, compensatory damages, liquidated damages, reasonable costs and attorneys' fees, and all other equitable relief this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of April, 2023.

                                    **/s/ C. RYAN MORGAN**
                                    C. Ryan Morgan, Esq.
                                    FBN 0015527
                                    Morgan & Morgan, P.A.
                                    20 N. Orange Ave, 15th Floor
                                    Orlando, FL 32801
                                    *MAILING ADDRESS:*
                                    *P.O. Box 530244*
                                    *Atlanta, GA 30353-0244*
                                    T: (407) 420-1414
                                    F: (407) 245-3401
                                    E:  RMorgan@forthepeople.com
                                    *Attorneys for Plaintiff*